UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WOODROW ANDERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:04CV574 TIA |
| | ) | |
| AL LUEBBERS,[1] | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Woodrow Anderson for a writ of habeas corpus under 28 U.S.C. § 2254. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**Procedural History**

Petitioner, Woodrow Anderson, is presently incarcerated at the Farmington Correctional Center located in Farmington, Missouri, pursuant to the sentence and judgment of the Circuit Court of Mississippi County, Missouri. On July 18, 1996, a jury found Petitioner guilty of one count of robbery in the first degree and one count of armed criminal action. (Resp. Exh. 3, pp. 33-34) On August 29, 1996, the court sentenced Petitioner as a prior and persistent offender to 20 years imprisonment on each count, said sentences to be served concurrently. (Resp. Exh. 3, pp. 45-46)

Petitioner filed a direct appeal, and on October 27, 1997, the Missouri Court of Appeals affirmed the judgment. State v. Anderson, 953 S.W.2d 646 (Mo. App. 1997). Petitioner then filed

---

[1] Petitioner originally filed his case against James Purkett, the Superintendent of the Eastern Reception Diagnostic and Correctional Center, where Petitioner was previously confined. Because Petitioner is now housed at the Farmington Correctional Center, Al Luebbers, the Superintendent of that facility, is the proper party respondent. Therefore, the caption will reflect his name as the respondent. 28 U.S.C. § 2254, Rule 2(a).

a motion for post-conviction relief under Rule 29.15, which the motion court denied. (Resp. Exh. 8, pp. 97-98). On September 4, 2002, the Missouri Court of Appeals affirmed in part and remanded in part. Anderson v. State, 84 S.W.3d 501 (Mo. App. 2002). Specifically, the court remanded the case to the motion court for findings of fact and conclusions of law on some of the claims contained in the amended post-conviction motion. Id. at 507. On remand, the motion court denied Petitioner's motion for post-conviction relief in its October 10, 2002 Amended Judgment and Order. (Resp. Exh. 12, pp. 3-8) The Missouri Court of Appeals affirmed the motion court's decision on June 27, 2003. (Resp. Exh. 15) Petitioner then filed a Motion to Recall the Mandate, which the Missouri Court of Appeals denied. (Resp. Exh. 16, 17) Finally, Petitioner filed a motion for reconsideration to reinstate the post-conviction petition. The lower court denied said motion, and the Missouri Court of Appeals affirmed. Anderson v. State, 181 S.W.3d 598 (Mo. App. 2005).

On May 10, 2004, Petitioner filed the instant Petition for a Writ of Habeas Corpus in federal court, alleging numerous grounds for relief:[2]

1. Appellate counsel was ineffective for failing to argue that the trial court erred in denying his motions for acquittal because the state failed to prove the accomplice liability element of the trial;

2. The evidence was insufficient to support a conviction, therefore the trial court erred in denying the motion for acquittal and trial and appellate counsel were ineffective in failing to properly raise the argument during the trial and on appeal;

3. The trial court erred in convicting Petitioner of the "Class A felony" of armed criminal action because it should be characterized as an unclassified felony, and it is double jeopardy to convict him of both the Class A felony of first degree robbery and the Class A felony of armed criminal action;

---

[2] Petitioner's original petition contains 12 grounds for relief. However, he raises only 10 claims in his Memorandum in Support of Petition for Writ of Habeas Corpus. As set forth by Respondent, the undersigned will also rely primarily on the grounds contained in the memorandum and the corresponding arguments.

2

4. Trial counsel was ineffective for offering a flawed instruction on receiving stolen property;

5. Appellate counsel was ineffective for failing to raise the claim that the trial court erred in not giving the receiving stolen property instruction;

6. Trial counsel was ineffective for failing to object to the testimony of Officer Cossey because he was not properly endorsed;

7. The trial court erred in giving Instruction No. 8 regarding Responsibility for Conduct of Another;

8. Appellate counsel was ineffective for failing to demonstrate how Petitioner was prejudiced by the lack of a suppressing hearing transcript;

9. Trial counsel was ineffective for the following reasons:
    a. failure to subpoena the crime lab examiner;
    b. failure to subpoena investigator Linda Bolger;
    c. failure to subpoena the bank teller;
    d. failure to investigate and call Chief Jailer Robinson;
    e. failure to subpoena Chief Jailer Robinson's log book;
    f. failure to investigate and interview Officer Cossey;
    g. failure to introduce as evidence Petitioner's pants, shirts, and shoes;
    h. failure to introduce as evidence pictures of Petitioner the night of the arrest;
    i. failure to introduce as evidence pictures of Petitioner's car;
    j. failure to introduce evidence that Petitioner's car had four wheel drive; and
    k. failure to introduce as evidence pictures of money seized from Petitioner; and

10. Counsel was ineffective for failing to impeach Officer Cossey with the testimony of Petitioner's cell-mate.

### Discussion

### Procedurally Defaulted Claims

Respondent contends that Petitioner has procedurally defaulted on claims 1, 2 (pertaining to ineffective assistance of counsel), 4, 6, 8, and 9 because Petitioner failed to raise them on post-conviction appeal. Further, Respondent asserts that claims 3 and 7 are also defaulted for failure to raise them on direct appeal. The undersigned agrees that Petitioner is procedurally barred from

presenting all these claims in federal court, except for claim 3 regarding double jeopardy, which Petitioner raised, and the Missouri Court of Appeals addressed.

Failure to present claims to the Missouri Court of Appeals during a petitioner's direct appeal or in a post-conviction proceeding constitutes procedural default. Evans v. Leubbers, 371 F.3d 438, 445 (8th Cir. 2004). A federal court lacks the authority to reach the merits of procedurally defaulted claims unless petitioner can show cause and prejudice for the default or demonstrate a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298, 314-15 (1995). "Establishing cause requires a showing of some external impediment that frustrates a prisoner's ability to comply with the state procedural rules." Malone v. Vasquez, 138 F.3d 711, 719 (8th Cir. 1998). Examples of such cause include a showing that a factual or legal basis for a claim was not reasonably available to counsel, or that interference by officials made compliance impracticable. Murray v. Carrier, 477 U.S. 478, 488 (1986)(citation omitted).

The miscarriage of justice exception applies only in extraordinary cases, particularly if a constitutional violation resulted in the conviction of an innocent person. Schlup, 513 U.S. at 327; Murray, 477 U.S. at 496. This requires petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Schlup, 513 U.S. at 324. The standard compels petitioner to persuade the court that in light of new evidence no juror would have found him guilty beyond a reasonable doubt. Schlup, 513 U.S. at 329; Perry v. Norris, 107 F.3d 665, 666 (8th Cir. 1997). The Supreme Court noted in Schlup that claims of actual innocence are rarely successful because this type of evidence is usually unavailable. Id.

In his Traverse, Petitioner concedes that he failed to raise claims 1, 2, 4, 6, 8, and 9, pertaining

to ineffective assistance of counsel, on appeal from the denial of his motion for post-conviction relief. While he contends that he raised claim 1 in a Motion to Recall the Mandate, this is not proper state procedure. Under Missouri Supreme Court Rules 29.15(a) and (m), where the sentence is pronounced on or after January 1, 1996, a person convicted of a felony must seek relief regarding all claims of ineffective assistance of trial and appellate counsel under Rule 29.15. Thus, the motion to recall the mandate does not remedy Petitioner's default. In addition, while Petitioner claims that he has not defaulted on his ineffective assistance of counsel claims because he raised them amended post-conviction motions, the law is clear that failure to raise them in the Court of Appeals constitutes a procedural default.[3] Evans v. Leubbers, 371 F.3d 438, 445 (8th Cir. 2004). Further, Petitioner asserts ineffective assistance of post-conviction appellate counsel as cause for his failure to properly present these claims to the state court in his Rule 29.15 appeal. However, "[i]neffective assistance of post-conviction counsel may not be the basis of federal habeas relief." Anderson v. Bowersox, 262 F.3d 839, 842 (8th Cir. 2001). Furthermore, it cannot constitute cause for procedural default. Reese v. Delo, 94 F.3d 1177, 1182 (8th Cir. 1996). Therefore, Petitioner is unable to demonstrate cause and prejudice to overcome the procedural bar. Likewise, Petitioner neither argues nor is able to show actual innocence. Therefore, this Court must dismiss claims 1, 2 (pertaining to ineffective assistance of counsel), 4, 6, 8, and 9 as procedurally defaulted.

With regard to claim 7 regarding trial court error, Petitioner also procedurally defaulted, as

---

[3] After his first 29.15 appeal, the court remanded the case to the motion court for findings of fact and conclusions of law on several ineffective assistance of counsel claims. Anderson v. State, 84 S.W.3d 501, 507 (Mo. App. 2002). However, in Petitioner's second 29.15 appeal, he raised only the claim that his attorney was ineffective for failing to assert on appeal trial court error in refusing an instruction on receiving stolen property. (Resp. Exh. 13).

he did not raise the claim on direct appeal.[4] Again, this Court is precluded from addressing the merits absent a showing of cause and prejudice or a miscarriage of justice. In his Traverse, Plaintiff argues that his attorney was ineffective for failing to raise his claims on appeal. While ineffective assistance of counsel may be cause to excuse a procedurally defaulted claim, "in order to urge ineffective assistance as cause excusing a procedural default, the federal habeas petitioner must have properly raised the ineffectiveness claim in state court." Williams v. Kemna, 311 F.3d 895, 897 (8th Cir. 2002) (citations omitted). Nowhere does Petitioner properly raise the argument that counsel was ineffective for failing to raise trial court error regarding Instruction No. 8. Therefore, Petitioner is unable to demonstrate cause and prejudice, and claim 7 is dismissed as procedurally defaulted.

## Claim Two - Insufficient Evidence

Petitioner claims that the evidence was insufficient to support a conviction and the trial court erred in denying his motion for acquittal. In his direct appeal, Petitioner argued that the evidence failed to establish that appellant could have reasonably anticipated that his accomplice would use a weapon when stealing from the victim. (Resp. Exh. 4) Respondent contends that the decision of the Missouri Court of Appeals was not contrary to, nor an unreasonable application of, Supreme Court law.

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard. Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999). A federal court may not grant habeas relief unless the claim adjudicated on the merits in state

---

[4] Petitioner did raise a claim of jury instruction error concerning No. 8, responsibility for the conduct of another in his first Rule 29.15 appeal. (Resp. Exh. 9, p. 23) However, the court found that claim 7 was non-cognizable in post-conviction proceedings. Anderson v. State, 84 S.W.3d 501, 506 (Mo. App. 2002).

court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. (quoting 28 U.S.C. § 2254(d)(1)). Findings of fact made by a State court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). See also Gee v. Groose, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record).

With regard to the legal conclusions, this Court may not grant habeas relief on a claim adjudicated on the merits in state court unless the adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-413 (2000). With regard to the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413; see also Bucklew v. Luebbers 436 F.3d 1010, 1016 (8th Cir. 2006); Rousan v. Roper, 436 F.3d 951, 956 (8th Cir. 2006). In other words, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." Williams, 529 U.S. at 411.

In the instant case, the Missouri Court of Appeals addressed Petitioner's claim and found:

7

> There was evidence that the Defendant and his accomplice had planned the robbery and the circumstances here indicate that a weapon could be reasonably contemplated, if not, in fact, required. Two employees were robbed of the proceeds of the Town & Country Supermarket as they were taking receipts from the store to a night deposit box at the First National Bank in Mississippi County. As one of the employees drove his truck next to the night deposit box, a man carrying a shotgun approached the truck, pointed the shotgun at them, and ordered them out of the vehicle. The employees exited the truck, leaving two deposit bags inside the truck. The robber got into the truck and drove away.
>
> A conviction does not require that a Defendant have personally performed all of the acts necessary to constitute a crime. Mills, 809 S.W.2d at 3. "If a defendant has embarked upon a course of criminal conduct with others, he is responsible for those crimes which he could reasonably anticipate would be a part of that conduct." Id. at 4. See also State v. Evans, 694 S.W.2d 860 (Mo. App. 1985).
>
> It is difficult to believe that a robbery of two persons in a vehicle could have been accomplished by someone on foot unless they did have a weapon. Absent a weapon, the driver could have driven off or perhaps ignored him. It is also unlikely, given Defendant's participation, that he did not know how it was going to be accomplished. Point I has no merit.

State v. Anderson, 953 S.W.2d 646, 647 (Mo. App. 1997).

A federal court's review of a sufficiency of the evidence claim "is limited to determining 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Gibbs v. Kemna, 192 F.3d 1173, 1175 (8th Cir. 1999) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Here, the record indicates that there was sufficient evidence to support the conviction of robbery and armed criminal action.

> A person commits the crime of robber in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime,

>             (1)     Causes serious physical injury to any person; or
>             (2)     Is armed with a deadly weapon; or
>             (3)     Uses or threatens the immediate use of a dangerous
> instrument against any person; or
>             (4)     Displays or threatens the use of what appears to be a
> deadly weapon or dangerous instrument.

Mo. Rev. Stat. § 569.020.1 (2000). Armed criminal action requires that "any person who commits any felony under the laws of this state, by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon is also guilty of the crime of armed criminal action …" Mo. Rev. Stat. § 571.015.1 (2000). To establish accomplice liability, "the State is required to prove that Defendant: 1) purposely promoted the offense, and 2) had the culpable mental state for the charged offense." State v. Hicks, 203 S.W.3d 241, 245 (Mo. App. 2006) (citations omitted). Further, "[u]nder accomplice liability, the evidence need not show that Defendant personally committed every element of a crime. State v. Shockley, 98 S.W.3d 885, 890 (Mo. App. S.D. 2003). 'Any evidence that shows affirmative participation to commit the crime is sufficient to support a conviction.' Id. Affirmative participation may be proven by circumstantial evidence. Id." Id. at 244. A defendant need not have the intent to commit the underlying felony. Instead, "a defendant who embarks upon a course of criminal conduct with others is responsible for those crimes which he could reasonably anticipate would be part of that conduct." Id. at 245 (citations omitted).

In the instant case, the evidence demonstrates that sufficient evidence supported Petitioner's conviction. The evidence demonstrates that Petitioner participated in the robbery and anticipated that his accomplice would use a weapon. One witness testified that Petitioner acknowledged, "'Hey man, I told Harry I was in it for the money, but I wasn't in it to hurt anyone, not anybody.'" (Resp. Exh. 2, p. 235) In addition, the police stopped a vehicle, in which Petitioner was driving and his accomplice

was a passenger. They later retrieved large amounts of U.S. currency from both parties. (Tr. 138-146, 159) Further, as stated by the Missouri Court of Appeals, and as the record shows, Petitioner's accomplice pointed a gun at two supermarket employees outside a night deposit box at the First National Bank; ordered them out of their vehicle; and drove away in the truck containing two deposit bags. State v. Anderson, 953 S.W.2d 646, 647 (Mo. App. 1997). Aside from the evidence produced at trial, it is reasonable to believe that Petitioner knew that his accomplice was going to use a weapon to rob two individuals driving a vehicle. The undersigned finds that a rational trier of fact could have found the essential elements of first degree robbery and armed criminal action beyond a reasonable doubt. See Gibbs v. Kemna, 192 F.3d 1173, 1175 (8th Cir. 1999). Thus, the Missouri Court of Appeals' determination was not contrary to, nor did it involve an unreasonable application of, clearly established Federal law. Petitioner's second ground for habeas relief, specifically insufficient evidence, is denied because it lacks merit.

## Claim Three

In claim three, Petitioner argues that the imposition of punishment for robbery in the first degree and armed criminal action violated the double jeopardy clause. The Missouri Court of Appeals addressed this claim in Petitioner's first Rule 29.15 appeal. The court found that the legislature had specifically authorized cumulative punishment for both robbery and armed criminal action. Thus, the imposition of his sentences did not violate the double jeopardy clause. Anderson v. State, 84 S.W.3d 501, 506 (Mo. App. 2002). The undersigned finds that this was not contrary to, nor an unreasonable application of, clearly established Federal law. Indeed, the United States Supreme Court specifically held that sentences for both first degree robbery and armed criminal action did not violate double jeopardy where the Missouri legislature intended such punishment to be

10

cumulative. Missouri v. Hunter, 459 U.S. 359, 368 (1983). Thus, Petitioner's third claim for habeas relief is denied because it lacks merit.

## **Claim Five**

Next, Petitioner claims that appellate counsel was ineffective for failing to raise the claim that the trial court erred in not giving an instruction on receiving stolen property. Respondent contends that appellate counsel was not ineffective in failing to raise the alleged error because receiving stolen property was not a lesser included offense, and the state did not charge Petitioner with such crime.

The Missouri Court of Appeals addressed this issue and explained:

> After all the evidence was adduced, the court held an instruction conference. Therein, defense counsel asked the court to give an instruction for "receiving stolen property." Counsel argued, "While it's technically not a lesser included [offense] under the commission, it's standard. It has been the elements of which have all been proven in this case." The court refused the instruction. …
>
> Movant's *pro se* and amended motions for post-conviction relief charged, *inter alia*, that his appellate counsel was ineffective for failure to raise the issue of trial court error " by failing to include a jury instruction on the *lesser included offense* of Receiving Stolen Property." (Emphasis supplied.) The motion court concluded that receiving stolen property was not a lesser included offense of first degree robbery "as they have no elements in common." Consequently, the motion court found appellate counsel was not ineffective for failing to raise the issue because it was a non-meritorious claim. This appeal followed.
>
> …
>
> A trial court must instruct the jury on a lesser included offense if the evidence, in fact or by inference, provides a basis for both an acquittal of the greater offense and a conviction of the lesser offense. Brooks v. State, 51 S.W.3d 909, 914[10] (Mo. App. 2001). … Stated another way, a lesser offense is not included in a greater offense unless it is impossible to commit the greater without first committing the lesser. Goff v. State, 70 S.W.3d 607, 610[5] (Mo. App. 2002); State

11

v. Brown, 950 S.W.2d 930, 931[4] (Mo. App. 1997). …

(Resp. Exh. H, pp. 4-6) The court then compared the crimes of robbery in the first degree and receiving stolen property and found:

> … Obviously, the elements of the greater crime do not encompass the lesser. For instance, in [receiving stolen property], the jury was required to find that Movant had no part in planning, committing, or furthering the robbery, while in [first degree robbery], these were essential. Movant concedes as much in his brief. Consequently, we hold that, in this case, the crime of receiving stolen property was not a lesser included offense of robbery in the first degree.
>
> Therefore, when the instruction was requested, the trial court properly refused it because due process requires that an accused may not be convicted of an offense which is not charged in the indictment or information. Brooks, 51 S.W.3d at 914[8]. As such, a trial court may not instruct the jury on an offense which is not charged unless it is a lesser included offense. Id. at 914[9]. In fact, if a court could instruct on a non-charged offense which was not a lesser included, then the court would commit error. State v. Goebel, 83 S.W.3d 639, 644-45[11] (Mo. App. 2002); Stone, 571 S.W.2d at 487[2]. Because the trial court properly refused the instruction, appellate counsel had no reason to raise such issue as error. Appellate counsel is not ineffective for failure to raise a non-meritorious claim. Franklin, 24 S.W.3d at 691; Aaron v. State, 81 S.W.3d 682, 697-98 (Mo. App. 2002).

(Resp. Exh. H, pp. 6-8) The court further reasoned that Petitioner's defense was based on a claim that the money was his own, not that he received it from his accomplice. Thus, the trial court did not err in refusing to give a receiving stolen property instruction, and Petitioner did not receive ineffective assistance of appellate counsel. (Resp. Exh. H, p. 8)

As previously stated, habeas relief may not be granted unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

12

States.'" Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999) (quoting 28 U.S.C. § 2254(d)(1)). "Therefore, we will not grant [petitioner's] habeas petition unless the state court's decision in this case was contrary to, or an unreasonable application of, the standard articulated by the Supreme Court in Strickland." Id; see also Bucklew v. Luebbers, 436 F.3d 1010, 1016 (8th Cir. 2006) (where state court correctly identifies Strickland as the controlling authority, federal courts "address whether the state court unreasonably applied that precedent and whether the state court unreasonably determined the facts in light of th evidence presented.").

To establish ineffective assistance of counsel petitioner must satisfy a two prong test. Petitioner must demonstrate that counsel's performance was "deficient" and that such deficient performance "prejudiced" his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). The prejudice prong requires Petitioner to prove that but for counsel's deficiency, the outcome of his trial would have been different absent counsel's error. Id. at 694; Bucklew, 436 F.3d at 1016. In other words, Petitioner must demonstrate "that counsel's errors were so serious that they rendered the proceedings fundamentally unfair or the result unreliable." Bucklew, 436 F.3d at 1016 (citation omitted). Further, "[j]udicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." Id. (citation omitted). Because a habeas petition claiming ineffective assistance of counsel involves mixed questions of law and fact, legal conclusions are reviewed de novo, and state court findings of fact are presumed to be correct under 28 U.S.C. 2254(d). Sloan v. Delo, 54 F.3d 1371, 1383 (8th Cir. 1995) (citation omitted).

The undersigned agrees with the state court that appellate counsel was not ineffective for

13

failing to raise trial court error regarding the instruction of receiving stolen property. As stated above, the crime of first degree robber involves forcibly stealing property, and in the course thereof, being armed with a deadly weapon. Mo. Rev. Stat. § 569.020. With regard to receiving stolen property, a person receives property of another knowing or believing it was stolen. Mo. Rev. Stat. § 570.080. These are separate offenses, which contain unrelated elements. Under Missouri law, "[i]nstruction on a lesser criminal offense is not proper unless it is impossible to commit the greater without first committing the lesser." Goff v. State, 70 S.W.3d 607, 610 (Mo. App. 2002) (citation omitted). Further, trial counsel is not ineffective for failing to request a lesser-included offense instruction unless said instruction was warranted by the evidence. Patterson v. State, 110 S.W.3d 896, 904 (Mo. App. 2003). Here, not only are the two offenses separate, but Petitioner did not argue, nor did the evidence show, that he merely received the stolen property from his accomplice. Instead, the defense argued that Petitioner worked two jobs, carried money with him in large amounts, and did not need to commit a robbery for income. (Resp. Exh. 2, pp. 340-341, 343)

According to Eighth Circuit precedent, counsel is not ineffective under Strickland for failing to raise a claim for which a petitioner could not obtain relief. See, e.g., Burton v. Dormire, 295 F.3d 839, 846 (8th Cir. 2002) (counsel not ineffective for failing to raise recantation where petitioner could not have obtained relief had counsel raised the issue); Grubbs v. Delo, 948 F.2d 1459, 1464 (8th Cir. 1991) (counsel not ineffective for failing to argue a meritless issue). Thus, the undersigned finds that the decision of the Missouri Court of Appeals that counsel's failure to argue trial court error in not including an instruction on receiving stolen property was neither contrary to nor an

unreasonable application of Strickland, as Petitioner has failed to demonstrate either deficient

performance or prejudice. Petitioner's fifth ground for habeas relief is therefore denied.

## Claim Ten

Last, Petitioner claims that his trial counsel was ineffective for failing to impeach Officer Cossey through Petitioner's cell mate. Specifically, Petitioner contends that trial counsel failed to call Petitioner's cell mate, Walter Lee, as a witness at trial. Petitioner maintains that Mr. Lee would have rebutted Officer Cossey's testimony that Petitioner made an incriminating statement. Respondent asserts that counsel was not ineffective, as counsel was unaware of the statement and there was overwhelming evidence of Petitioner's guilt.

The Missouri Court of Appeals thoroughly addressed this issue and found:

> Movant's first point revers to a statement obtained by an investigator with the Public Defender's Office wherein Movant's cellmate alleged that he was asked by Deputy Cossey to "try to talk to [Movant] and get him to tell you he did it. Because that was [my] grandson. Because we need to get solid information on him or they might walk free." Movant contends that the statement made by the cellmate was available to counsel and should have been used to discredit Deputy Cossey's … testimony …
>
> …
>
> Movant contends that [Officer Cossey's] testimony, to the effect that Cossey "did not immediately report [Movant's] alleged admission because he believed that 'they were found already pretty well guilty[,]' that he 'understood it was pretty well and open and shut case[,]' and 'that they had caught them with enough evidence that they might not need [Cossey's] testimony[,]'" could have been impeached by the statement given by Movant's cellmate to cast doubt on Deputy's Cossey's credibility. However, Movant has the burden of establishing that the impeachment would have offered a defense to the charged crimes. Garrison v. State, 992 S.W.2d 898, 902 (Mo. App. 1999). The testimony which Movant claims counsel failed to present would not have provided Movant with a defense, but merely impeached a witness for the State. See Lane v. State, 778 S.W2d 769, 771 (Mo. App. 1989).

15

> …
>
> Further, "[i]f a defense attorney has no notice that a witness exists, he cannot be held ineffective for failing to call that witness to testify." Lane, 778 S.W.2d at 771. Movant's trial counsel testified at the post-conviction hearing and stated that had he been aware of the statement he would have used it to rebut the deputy's testimony, but he could not recall a report pertaining to such an interview and could not remember Movant mentioning the same to him. Witness credibility is a determination exclusively for the motion court, which is free to believe or disbelieve any evidence, whether contradicted or undisputed. Id.
>
> Movant must also demonstrate by a preponderance of the evidence that there is a reasonable probability that impeachment of Deputy Cossey would have changed the outcome of the trial. Barnum, 52 S.W.3d at 608. See also Jeremiah v. State 73 S.W.3d 857, 858 (Mo. App. 2002). Movant's speculation that Cossey's testimony was "[t]he most incriminating evidence at appelllant's trial" can also be challenged, as there was other incriminating evidence presented from which a jury could have found Movant guilty.
>
> Movant had been stopped close to the scene of the robbery after failing to stop at a stop sign approximately twenty minutes after officers were notified that a bank deposit had been stolen from two employees of Town & Country Supermarket. Movant's passenger was identified as the person who had committed the robbery and had stolen one of the victims' truck, later found about three-quarters of a mile from the scene. As officers approached, Movant exited his car and proceeded to walk away. He kept walking when he was ordered to stop. Movant's passenger ran away from the car and was apprehended a block away. Both Movant and his passenger had hidden in their clothing large amounts of cash, and that which Movant had hidden was bundled the same as the cash stolen from the bank deposit bag. Movant had a total of $1,933 on his person, and his passenger had a total of $1,924. The amount of cash reported stolen was between $3,500 to $3,800. Movant's first point is denied.

Anderson v. State, 84 S.W.3d 501, 503-505 (Mo. App. 2002).

The undersigned finds that Petitioner did not receive ineffective assistance of trial counsel for failure to call a rebuttal/impeachment witness. Defense counsel testified that he never saw the

16

statement from Petitioner's cell mate and assumed that it was not in there during the jury trial. (Resp. Exh. 7, pp. 14-15) Further, while Petitioner claims that such testimony would have cast doubt on Officer Cossey's testimony, he offers no evidence that the outcome of the trial would have been different, especially in light of the other evidence against Petitioner presented during the trial. The undersigned thus finds that the state court did not unreasonably apply Strickland in finding that counsel's performance was not deficient and that Petitioner was not prejudiced. See Bucklew v. Luebbers, 436 F.3d 1010, 1018 (8th Cir. 2006) (finding that state court did not unreasonably apply Strickland where psychologist's testimony during guilt phase would not have produced a different outcome, as it could not negate the overwhelming evidence against the petitioner). Petitioner's claim of ineffective assistance of counsel is therefore denied.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Woodrow Anderson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED** without further proceedings.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  25th  day of September, 2007.